9/8/2017

Case.net: 1722-CC10887 - Docket Entries

# Your Missouri Courts

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print

GrantedPublicAccess  Logoff 1014841852

Search for Cases by: Select Search Method...  ▼

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

## 1722-CC10887 - MILTON FRAZIER V STATE FARMFIRE AND CASUALTY ET AL (E-CASE)

This information is provided as a service and is not considered an official court record.

Sort Date Entries:  ● Descending   ○ Ascending         Display Options: All Entries ▼

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

**09/07/2017**   ☐  Alias Summons Issued
Document ID: 17-SMCC-16349, for HARRISON, LENNIE.

**09/01/2017**   ☐  Corporation Served
Document ID - 17-SMCC-13150; Served To - STATE FARM FIRE AND CASUALTY COMPANY; Server - ; Served Date - 11-AUG-17; Served
Time - 09:40:00; Service Type - Sheriff Department; Reason Description - Served

**08/31/2017**   ☐  Alias Summons Requested
ALIAS SUMMONS
**Filed By:** TED FRANK FRAPOLLI
**On Behalf Of:** MILTON FRAZIER

**08/21/2017**   ☐  Affidavit for Service by Mail

**08/08/2017**   ☐  Jury Trial Scheduled
**Scheduled For:** 01/16/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

**08/07/2017**   ☐  Cert Serv of Interrog Filed
Certificate of Service.
**Filed By:** TED FRANK FRAPOLLI
**On Behalf Of:** MILTON FRAZIER

**08/01/2017**   ☐  Summons Issued-Circuit
Document ID: 17-SMCC-13151, for HARRISON, LENNIE.

https://www.courts.mo.gov/casenet/cases/searchDockets.do

1/2

9/8/2017

Case.net: 1722-CC10887 - Docket Entries

☐ **Summons Issued-Circuit**
   Document ID: 17-SMCC-13150, for STATE FARM FIRE AND CASUALTY COMPANY.

07/30/2017   ☐ **Filing Info Sheet eFiling**
                **Filed By:** TED FRANK FRAPOLLI

             ☐ **Pet Filed in Circuit Ct**
                Petition.
                **Filed By:** TED FRANK FRAPOLLI
                **On Behalf Of:** MILTON FRAZIER

             ☐ **Judge Assigned**

Case.net Version 5.13.16.6          Return to Top of Page          Released 06/08/2017

**1722-CC10887**

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MILTON FRAZIER,                              )
                                             )
              Plaintiff,                     )
                                             )        Cause No:
       vs.                                   )
                                             )        Division:      1
STATE FARM FIRE AND CASUALTY                 )
COMPANY,                                     )
Issue Summons to Sheriff of Cole County      )
Serve:                                       )
Superintendent of Insurance                  )
301 W. High Street, Room 530                 )
Jefferson City, MO 65101                     )
                                             )
and                                          )
                                             )
LENNIE HARRISON                              )
Issue Summons to Sheriff of St. Louis County )
Serve at:                                    )
9849 Manchester #4                           )
Rock Hill, MO 63119,                         )
                                             )
              Defendants.                    )

## PLAINTIFF'S PETITION

### General Allegations

COMES NOW Plaintiff, Milton Frazier, by his counsel, and for his cause of action

against Defendants State Farm Fire and Casualty Company and Lennie Harrison, states as

follows:

1.     Plaintiff Milton Frazier is an individual who resides in the State of California.

2.     Defendant, State Farm Fire and Casualty Company ("State Farm") is a foreign

insurance company with an agent for the transaction of business located in the City of St. Louis

and authorized to do business in Missouri.

1

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

3.     Lennie Harrison ("Harrison") is an agent of State Farm and is in the business of providing risk management and retailed insurance brokerage services.

4.     Harrison is licensed and authorized to conduct business as an insurance broker in the State of Missouri.

5.     Harrison represents to his clients an expertise to manage risk by custom designing solutions that address the client's specific risk profile and finding the appropriate coverage.

6.     At all times pertinent hereto Harrison has held out and represented himself to be a specialist and expert in the area of homeowners and property insurance.

7.     Frazier became a client of Harrison and Frazier sought to purchase a homeowner's insurance policy suitable to Frazier's needs.

8.     That at all pertinent times herein, Plaintiff owned a house with a non-connected garage located at 3866 Utah Place, in the City of St. Louis, State of Missouri.

9.     At the recommendation of Harrison, Frazier purchased from defendant State Farm an insurance policy, #25-BB-S508-6 ("Insurance Policy"), which purported to provide adequate coverage for the Property and garage, and was in full force and effect at the time of the damage described herein.  This Policy was issued in Missouri and delivered in Missouri.

10.     On or about April 26, 2012, Plaintiff sustained partial damage due to fire to the garage structure owned by Frazier at 3866 Utah Place, in the City of St. Louis, State of Missouri ("Garage") located on the Property.

### COUNT I

### DIRECTED TO STATE FARM FOR VIOLATION OF MISSOURI REVISED STATUTE §379.150

11.     Plaintiff incorporates by reference as if fully set out herein paragraphs 1 through 10 of this Petition.

2

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

12.     Missouri Revised Statute §379.150 provides as follows:

> Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured.

13.     The fire damage to the Garage did not destroy the identity of the Garage.  The rebuilding of the Garage is prudent and the rebuilding will reasonably utilize the remaining structure.

14.     The rebuilding of the Garage is not prohibited by any federal, state or local laws.

15.     The rebuilding of the Garage is less expensive than tearing down the Garage and rebuilding the same type of structure.

16.     Demand was made by plaintiff Milton Frazier to defendant State Farm to provide coverage for this damage, indemnify plaintiff for his loss due to the partial damage of the Garage structure and to rebuild the Garage.

17.     Plaintiff satisfied all conditions precedent under the Policy.

18.     State Farm has refused to rebuild the Garage in violation of §379.150 and breached the terms of its obligations under the Insurance Policy.

19.     As a direct and proximate result of State Farm's violation of §379.150, the contractor which Plaintiff was forced to hire went out of business and refused to complete the project and Plaintiff suffered damages in the amount of $22,000.00.

20.     As a direct and proximate result of State Farm's breach of duty, Plaintiff will be damaged in an amount in excess of $25,000.000 for damages including, but not limited to, the cost of performing the tasks not undertaken by State Farm.

21.     In addition, State Farm's refusal to repair the Garage was vexatious and in bad faith as it was without reasonable cause or excuse, in that defendant State Farm has failed to repair the Garage as

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

required by §379.150 RSMo., and has no basis for not repairing the Garage, thereby entitling plaintiff to the penalties set forth in Missouri Revised Statute §375.420, including attorneys' fees.

WHEREFORE, plaintiff respectfully requests this Court enter judgment against defendant State Farm in an amount in excess of $25,000.00, pre- and post-judgment interest, attorneys' fees, and a penalty of 20% of the first $2,500.00 of loss and 10% of the amount in excess of $1,500.00; and any other relief this Court deems just and proper.

## COUNT II

### NEGLIGENT FAILURE TO USE REASONABLE CARE AND DILIGENCE DIRECTED TO LENNIE HARRISON

22.     Milton Frazier realleges and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23.     Harrison agreed to procure an adequate insurance policy on behalf of Milton Frazier, in exchange for compensation via commissions on the premiums paid by Milton Frazier. Milton Frazier requested that Lennie Harrison obtain a replacement value policy to ensure any damage to Plaintiff's property would be fully covered by the policy.

24.     The agreement between Harrison and Frazier created a duty on the part of Harrison to obtain an insurance policy to adequately and completely protect Milton Frazier's Property and Garage, as well as explain the nature, term and conditions of the coverages to Milton Frazier.

25.     Harrison knew or should have known that Milton Frazier's Property and Garage were not adequately and completely protected under the Insurance Policy.

26.     Harrison breached his duty to Milton Frazier:

> 1)     By failing to provide expert advice to Milton Frazier as to the nature, terms, conditions, and coverage of the Insurance Policy;

4

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

2)     By failing to provide adequate and complete coverage of Plaintiff's property; and

3)     By failing to ensure the valuation of the Property by Harrison was accurate.

27.     These failures of Harrison were the proximate cause of Milton Frazier's damages.

28.     As a direct and proximate result of Harrison's aforementioned failures Plaintiff Milton Frazier sustained damage to plaintiff in an amount in excess of $25,000.00.

29.     As to the agreement between Harrison and Frazier, Frazier complied with all conditions precedent of the agreement.

WHEREFORE, plaintiff Milton Frazier prays that defendant Lennie Harrison is ordered to pay plaintiff's actual damages in an amount to be determined at trial in excess of $25,000.00 and for its costs expended herein and for such other and further orders as the Court deems just and proper.

## COUNT III

### BREACH OF FIDUCIARY DUTY DIRECTED TO LENNIE HARRISON

30.     Milton Frazier realleges and reincorporates the allegations contained in Paragraphs 22 through 29 as if fully set forth herein.

31.     "Under Missouri law, a fiduciary relationship consists of the following elements: (1) one party must be subservient to the dominant mind and will of the other party as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value, which are the property of the subservient party, must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic and habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be

5

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

a showing that the subservient party places a trust and confidence in the dominant party." *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 394 (Mo. App. 1998) (quoting, *Matlock v. Matlock*, 815 S.W.2d 110, 115 (Mo. App. 1991).

32.     Missouri law holds that "[t]here are, however, instances in which a fiduciary relationship exists absent the above elements. 'A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former.'" *A.G. Edwards*, 978 S.W.2d at 394 (quoting, *State Sec. Ins. Co. v. Frank B. Hall & Co.*, 258 Ill. App. 3d 588, 594, 630 N.E.2d 940, 945 (1994)).

33.     "Another type of legal relationship that is universally recognized as being fiduciary in nature is the relation of an agent to his principal." *A.G. Edwards*, 978 S.W.2d at 394.

34.     An agency is a fiduciary relationship between two legal entities whereby the principal has the right to control the conduct of the agent, and the agent has the power to affect the legal relations of the principal. *A.G. Edwards*, 978 S.W.2d at 394 (citing RESTATEMENT (SECOND) OF AGENCY §§ 1; 12 – 13 (1958)).

35.     "An agent is a fiduciary with respect to matters within the scope of his agency." *A.G. Edwards*, 978 S.W.2d at 394 (citing *Preferred Physicians Mut. Management Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 811 (Mo. App. 1996)).

36.     "Under Missouri law, an insurance broker is ordinarily the agent of those for whom insurance is procured." *A.G. Edwards*, 978 S.W.2d at 394 (citing *Weekly v. Missouri Prop. Ins. Placement Facility*, 538 S.W.2d 375, 379 (Mo. App. 1976); *Lampkin v. Kelly*, 771 S.W.2d 953, 954 (Mo. App. 1989)).

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

37.    "When an insurance broker agrees to obtain insurance for a client, with a view to earning a commission, the broker becomes the client's agent and owes a duty to the client to act with reasonable care, skill, and diligence. *A.G. Edwards*, 978 S.W.2d at 394-95 (citing *Bell v. O'Leary*, 744 F.2d 1370, 1372 (8th Cir. 1984); *Barnes v. Metropolitan Life Ins. Co.*, 612 S.W.2d 786, 787 (Mo. App. 1981)).

38.    Once an agency relationship has been established, a fiduciary relationship arises as a matter of law. *A.G. Edwards*, 978 S.W.2d at 395.

39.    Harrison held himself out to Milton Frazier as a trusted expert in the analysis and placement of insurance products.

40.    Harrison knowingly and willingly assumed a fiduciary responsibility to Milton Frazier.

41.    As a broker for Milton Frazier, Harrison acted as a representative, agent, and fiduciary of Milton Frazier.

42.    Milton Frazier reasonably relied on Harrison to inform him of the intricacies, terms, conditions and nature of the Insurance Policy Milton Frazier purchased at the advice of Harrison from State Farm including:

       1)    To provide expert advice to Milton Frazier as to the nature, terms, conditions, and coverage of the Insurance Policy;

       2)    To provide adequate and complete coverage of Plaintiff's property; and

       3)    To ensure the valuation of the Property by Harrison was accurate.

43.    Harrison was in a confidential fiduciary relationship with Milton Frazier and owed Milton Frazier the highest duties of due care, loyalty, honesty, and good faith and fair dealing.

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

44.    Milton Frazier placed trust and confidence in Harrison to deal fairly and employ due diligence in obtaining the Insurance Policy for Milton Frazier as to the property and Garage.

45.    As a broker for Milton Frazier, acting as his representative, agent, and fiduciary, Harrison had a duty to disclose material facts, conditions and terms as to the Insurance Policy to Milton Frazier.

46.    As a direct and proximate result of Harrison's wrongful conduct, Milton Frazier has suffered damages.

47.    As a direct and proximate result of Harrison's failure to advise and educate Milton Frazier, Milton Frazier sustained loss in an amount in excess of $25,000.00.

WHEREFORE, plaintiff Milton Frazier prays that defendant Lennie Harrison is ordered to pay plaintiff's actual damages in an amount to be determined at trial in excess of $25,000.00 and for its costs expended herein and for such other and further orders as the Court deems just and proper.

## COUNT IV

### BREACH OF CONTRACT DIRECTED TO LENNIE HARRISON

48.    Milton Frazier realleges and reincorporates the allegations contained in Paragraphs 30 through 47 as if fully set forth herein.

49.    Milton Frazier entered into the broker agreement with Harrison.

50.    Harrison agreed to solicit and advise Milton Frazier on his needs for insurance products as to the Property and Garage and to provide Milton Frazier full and complete information as to the use of the insurance policies in return for Milton Frazier's agreement to pay Harrison for this service.

Electronically Filed - City of St. Louis - July 30, 2017 - 09:36 AM

51.     Milton Frazier fully paid Harrison for these services via commissions Harrison received from the premiums paid by Milton Frazier on the Insurance Policy Harrison recommended to Milton Frazier.

52.     Harrison breached his agreement with Milton Frazier because Harrison did not fully advise and educate Milton Frazier as to the Insurance Policy Harrison arranged and obtained for Milton Frazier as to the coverage for the Property and Garage.

53.     Milton Frazier fulfilled all of his obligations and conditions under the broker agreement.

54.     Milton Frazier suffered damages as a result of Harrison's breach of the broker agreement.

55.     As a direct and proximate result of Harrison's breach of the broker agreement, Milton Frazier has sustained actual damages in an amount to be determined at trial in excess of $25,000.00.

WHEREFORE, plaintiff Milton Frazier prays that defendant Lennie Harrison is ordered to pay plaintiff's actual damages in excess of $25,000.00 and for its costs expended herein and for such other and further orders as the Court deems just and proper.


LAW OFFICES OF TED F. FRAPOLLI


By: /s/ Ted F. Frapolli_____
        Ted F. Frapolli, #26873
        275 N. Lindbergh, Suite F
        St. Louis, MO 63141
        314-993-4261 phone
        314-993-3367 fax
        Ted@tffrapollilaw.com

        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on this 30th day of July, 2017

Pursuant to Rule 55.03(a), Ted F. Frapolli certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.


_/s/ Ted F. Frapolli_____
Ted F. Frapolli

Electronically Filed - City of St. Louis - August 07, 2017 - 10:00 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MILTON FRAZIER,                       )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )
                                      )   Cause No.:  1722-CC10887
STATE FARM FIRE AND CASUALTY          )
COMPANY,                              )   Div. 1
                                      )
and                                   )
                                      )
LENNIE HARRISON,                      )
                                      )
                Defendants.           )

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, by his attorney, and hereby certifies that a hard copy along with a CD containing Plaintiff's First Interrogatories and First Request for Production of Documents Directed to Defendant State Farm Fire and Casualty Company and Defendant Lennie Harrison, respectively, in Word and pdf. format to be answered by said Defendants are being served with the Petition as follows:

> Superintendent of Insurance
> 301 W. High Street, Room 530
> Jefferson City, MO 65101
>
> Lennie Harrison
> 9849 Manchester, #4
> Rock Hill, MO 63119

1

Electronically Filed - City of St. Louis - August 07, 2017 - 10:00 AM

LAW OFFICES OF TED F. FRAPOLLI

By:       _____/s/ Ted F. Frapolli_____
      Ted F. Frapolli, #26873
      1714 Deer Tracks Trail, Suite 200
      St. Louis, MO 63131
      314-993-4261 phone
      314-993-3367 fax
      ted@tffrapollilaw.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed via the Court's electronic filing system this 7th day of August, 2017.

Pursuant to Rule 55.03(a), Ted F. Frapolli certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

                    _____/s/ Ted F. Frapolli_____
                    Ted F. Frapolli

2



## ST LOUIS COUNTY SHERIFF

# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10887 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MILTON FRAZIER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TED FRANK FRAPOLLI<br>1714 DEER TRACKS TRAIL<br>SUITE 200<br>ST LOUIS, MO  63131 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>STATE FARM FIRE AND CASUALTY<br>COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LENNIE HARRISON**

Alias:

**9849 MANCHESTER #4
ROCK HILL, MO  63119**

**ST LOUIS COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 1, 2017**

_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 31, 2017 - 11:05 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MILTON FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No:   1722-CC10887 |
| vs. | ) |
| | ) Division:   1 |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| LENNIE HARRISON | ) |
| | ) |
| Defendants. | ) |

## COURT MEMORANDUM

COMES NOW Plaintiff, Milton Frazier, by his counsel, and requests an Alias Summons

be issued to the Sheriff of St. Louis County to serve Defendant Lennie Harrison at 2818 South

Brentwood Boulevard, Brentwood, Missouri 63144.

LAW OFFICES OF TED F. FRAPOLLI

By: _____/s/ Ted F. Frapolli_____
    Ted F. Frapolli, #26873
    1714 Deer Tracks Trail, Suite 200
    St. Louis, MO 63131
    314-993-4261 phone
    314-993-3367 fax
    Ted@tffrapollilaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically
with the Clerk of Court on this 31st day of August, 2017

Pursuant to Rule 55.03(a), Ted F. Frapolli certifies that he signed an original of this
pleading and that an original of this pleading shall be maintained for a period not less than the
maximum allowable time to complete the appellate process.

                _____/s/ Ted Fr. Frapolli_____
                Ted F. Frapolli



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC10887 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MILTON FRAZIER | Plaintiff's/Petitioner's Attorney/Address<br>TED FRANK FRAPOLLI<br>1714 DEER TRACKS TRAIL<br>SUITE 200 | Special Process Server 2 |
| vs. | ST LOUIS, MO  63131 | Special Process Server 3 |
| Defendant/Respondent:<br> STATE FARM FIRE AND CASUALTY<br>COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## ALIAS Summons in Civil Case

The State of Missouri to:  LENNIE HARRISON
               Alias:

**2818 SOUTH BRENTWOOD**
**BOULEVARD**
**BRENTWOOD, MO 63144**

> ST LOUIS COUNTY SHERIFF

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### September 7, 2017

*CITY OF ST LOUIS*

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

**Sheriff's or Server's Return**

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                             Date

_____
Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.